```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
Escon Construction Group Plc,          Index No.

            Plaintiff,                 COMPLAINT

     -against-                         JURY TRIAL DEMANDED

FASTENAL COMPANY,

             Defendant.
------------------------------X
```

Escon Construction Group Plc ("Plaintiff"), for its Complaint against Fastenal Company ("Defendant") alleges as follows:

1. Plaintiff brings this action to recover:

    a. damages caused by Defendant's breach of a contract to sell certain goods to Plaintiff;

    b. a $1,270,445 deposit paid to Defendant, and kept by Defendant.

The Parties

2. Plaintiff is a business corporation organized and existing under the laws of the United Kingdom, with its headquarters in the United Kingdom.

3. On information and belief, Fastenal Company is a company organized and existing under the laws of Minnesota:

    a. with its headquarters in Winona, Minnesota; and

      b. a branch office at 951 3rd Ave, Brooklyn, NY USA 11232;

      c. a second branch office at 180 Morgan Ave, Brooklyn, NY.

Subject Matter Jurisdiction, Venue and Personal Jurisdiction

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that:

      a. the amount in controversy exceeds $75.00;

      b. Plaintiff is a citizen of the United Kingdom and Defendant is citizen of Minnesota;

5. Venue is properly laid in the Eastern District in that

      a. the parties entered into an agreement containing a choice of forum provision:

          i. requiring the instant action to be brought in a court in New York; and

          ii. agreeing that venue is properly laid in New York.

      b. under 28 U.S.c. §(b)(3), which provides:

"if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

          i. Here, there is no district in which any

>    > action may otherwise be brought as provided by 28 U.S.c. §(b)(3); and
>    
>    ii. Defendant is subject to the Court's personal jurisdiction by virtue of its maintenance of two branch offices in Brooklyn, NY.

<u>The 7/10/19 Sales Contract</u>

6. On or about 7/10/19, the parties entered into a written "Sale of Goods Contract" (the "Contract"), which provided that:

>    a. Plaintiff would buy from Defendant certain valves used in bathroom plumbing, specified in the Contract, at a purchase price of $2,540,891.
>    
>    b. Plaintiff would pay Defendant a deposit of $1,270,445.00, representing half of the purchase price.
>    
>    c. Upon receipt of the goods, Plaintiff would pay the remaining half of the purchase price.

<u>The Attorneys Fee Provision</u>

7. Furthermore, the Contract provided that in any proceeding brought to enforce or interpret the terms of the Contract, the prevailing party shall be entitled to recover its attorney's fees and costs incurred.

<u>Plaintiff's Performance under the Contract and Defendant's Breach Thereof</u>

8. Plaintiff performed under the Contract by, amongst other things, paying the $1,270,445 deposit required thereby.

9. Defendant breached the Contract by failing to deliver the goods it was obliged the Contract to deliver.

10. Furthermore, despite repeated requests therefor, Defendant failed and refused to return the $1,270,445 deposit made by Plaintiff.

11. What's more, Defendant acknowledged its obligation to return the deposit. For example:

    a. in an 11/20/19 e-mail Jeffrey Watts ("Watts") of Fastenal stated:

"We apologize for the delay and promise you would have funds before the end of the deadline given."

    b. in a 7/27/21 e-mail, Watts stated:

"I have consulted with our Accounting department and a part payment would be sent out next week to your attorney and I would give them a call by the end of this week to ensure that this stays out of court. I assure you that I will be paying for the company's damages plus Attorney fees during this period to avoid litigation"

<u>Plaintiff's Damages</u>

12. As a result of Defendant's breach of the Contract, Plaintiff suffered at least the following damages:

4

    a. Loss of revenues in the amount of $ 1 million:

    b. Damage to Plaintiff's goodwill with its customers in the amount of $1 million.

    c. $1,270,445, representing the deposit made by Plaintiff and which Defendant failed and refused to return.

### As and For a First Claim ("Breach of Contract")

13. Plaintiff repeats each of the foregoing allegations with the same force and effect as if fully set forth here.

14. Plaintiff has performed all of its obligations under the Contract.

15. By its conduct, Defendant breached the Contract.

16. As a result of such breach, Plaintiff suffered the aforementioned damages.

### As and For a Second Claim (Breach of Implied Covenant of Good Faith)

17. Plaintiff repeats each of the foregoing allegations with the same force and effect as if fully set forth here.

18. The law implies into every contract a covenant of good faith.

19. By its conduct, Defendant breached that covenant.

20. As a result of such breach, Plaintiff suffered the

aforementioned damages.

### As and For a Third Claim (Money Had and Received)

21. Plaintiff repeats each of the foregoing allegations with the same force and effect as if fully set forth here.

22. Defendant received money belonging to plaintiff;

23. Defendant benefitted from the receipt of the money; and

24. Under principles of equity and good conscience, Defendant should not be permitted to keep the money.

### As and For a Fourth Claim (Unjust Enrichment)

25. Plaintiff repeats each of the foregoing allegations with the same force and effect as if fully set forth here.

26. Defendant was enriched at plaintiff's expense.

27. Equity and good conscience militate against permitting Defendant to retain what Plaintiff is seeking to recover.

WHEREFOR:

Plaintiff demands judgment against Defendant:

28. With respect to Plaintiff's first cause of action for breach of contract, the sum of $2 million plus Plaintiff's attorneys fees and costs, which at present can not be determined.

29. With respect to Plaintiff second cause of action for

breach of the covenant of good faith,

    a. the sum of $1,270,445 as compensatory damages, plus

    b. the sum of $5 million as punitive damages; plus

    c. Plaintiff's attorneys fees and costs, which at present can not be determined..

30. With respect to Plaintiff's third cause of action for money had and received:

    a. the sum of $1,270,445, representing the amount of Plaintiff's deposit, which Defendant has refused to return; plus

    b. Plaintiff's attorneys fees and costs, which at present can not be determined.

31. With respect to Plaintiff's fourth cause of action for unjust enrichment:

    a. the sum of $1,270,445, representing the amount of Plaintiff's deposit, which Defendant has refused to return; plus

    b. Plaintiff's attorneys fees and costs, which at present can not be determined.

32. As to all causes of action, trial by jury.

Dated: New York, NY
       August 2, 2021

                                            /s/ Richard Pu

                                              Richard Pu
                                        Attorney for Plaintiff

                                        120 E. 90th St., 10C
                                        New York, NY 10128
                                        (212) 427-3665 (o)