UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ESCON CONSTRUCTION GROUP PLC

                     Plaintiff,

     -against-

FASTENAL COMPANY,

                     Defendant.

------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

21-CV-4323 (RPK)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Escon Construction Group Plc ("Plaintiff" or "Escon") brings this action against Defendant Fastenal Company ("Defendant" or "Fastenal") for alleged breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*See generally* Compl., ECF No. 1.) Plaintiff alleges that it purchased from and partially paid Fastenal for bathroom plumbing valves, but Fastenal failed to deliver the goods as agreed in the parties' contract. Before the Court is the motion of Richard Pu, Esq., counsel for Plaintiff, to withdraw as counsel because he now believes that the contract at issue in this case (the "Escon Contract") is fraudulent. (*See* generally Declaration of Richard Pu ("Pu Decl."), ECF No. 11-1.[1]) For the reasons stated below, the motion to withdraw as counsel is GRANTED. Additionally, I

---

[1] "Pu Decl." includes the following exhibits: (1) email dated August 10, 2021 at 2:08 p.m. from Aaron Garms, general counsel at Fastenal, to Mr. Pu ("1st Garms Email"), ECF No. 11-2; (2) email dated August 10, 2021 at 3:39 p.m. from Mr. Garms to Mr. Pu ("2d Garms Email") (ECF No. 11-3); (3) Sale of Goods Contract dated July 10, 2019 between Fastenal and Plaintiff (the "Escon Contract") (ECF No. 11-4); and (4) Sale of Goods Contract dated July 19, 2019 between Fastenal and Atlas Construction Group PLC (the "Atlas Contract") (ECF No. 11-5).

1

respectfully and *sua sponte* recommend to the Honorable Rachel P. Kovner that this case be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute.

## I. BACKGROUND

Mr. Pu filed the Complaint on Escon's behalf on August 2, 2021. (Compl., ECF No. 1.) As alleged in the Complaint, Escon is a corporation based in the United Kingdom and Fastenal is a company headquartered in Minnesota. (Compl. ¶¶ 2-3.) Escon alleged that in July 2019, it entered into a written contract with Fastenal to purchase certain valves used in bathroom plumbing for approximately $2.5 million. (Compl. ¶ 6; *see also* Escon Contract, ECF No. 11-4.) Escon claimed that, pursuant to the contract, it paid Fastenal a deposit of approximately $1.2 million, but that Fastenal failed to deliver the goods as agreed and failed to return the deposit. (Compl. ¶¶ 8-10.)

The Clerk of Court issued a summons on August 3, 2021, but Plaintiff did not file an executed summons as required under Rule 4(*l*). (*See* Summons, ECF No. 8.) Instead, on August 19, 2021, Mr. Pu moved to withdraw as counsel pursuant to Local Civil Rule 1.4 because he now believes that Matthew Hipler, Escon's purported representative, is "engaged in a fraudulent scheme." (Pu Decl., ECF No. 11-1 ¶ 2.) In support of the motion, Mr. Pu presented emails and documents from Aaron Garms, Fastenal's general counsel, advising that Escon had misrepresented itself and its purported sales contract with Fastenal, and that Escon was engaged in fraud. (*See* Pu Decl., ECF No. 11-1 ¶ 2.) Mr. Pu served a copy of the motion papers on Plaintiff and Defendant by email. (Pu Decl., ECF No. 11-1 ¶ 7.)

On August 30, 2021, I issued an order scheduling a hearing on the motion, which directed Mr. Pu to provide a copy of the Order to his client and for the client to appear at the hearing. (*See* 08/30/2021 Scheduling Order.) At the hearing on September 15, 2021, Mr. Pu appeared but a

representative for Escon did not.[2] (*See* 09/15/2021 Minute Entry and Order.) After the hearing, I ordered Plaintiff to retain new counsel before Mr. Pu could withdraw because a corporation cannot appear in federal court *pro se*. (*See* 10/07/2021 Order (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 120 (E.D.N.Y. 2013)).) I also warned that failure to retain new counsel may result in termination of this case. (10/07/2021 Order.) Mr. Pu served a copy of this Order on Mr. Hipler by email, his only method of communication with Mr. Hipler, on October 21, 2021. (Decl. of Service, ECF No. 12 ¶¶ 3-5.)

## II. DISCUSSION

### A. Motion to Withdraw as Counsel

#### 1. Applicable Law

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order." Local Civil Rules of the U.S. Dist. Courts for the S. and E. Dists. of N.Y. ("Local Rule") R. 1.4 (eff. Oct. 15, 2021). District courts have broad discretion in deciding a motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10-C-2333 (MEA), 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (noting that "it is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel.") (internal citation omitted). In deciding a motion to withdraw as counsel, courts may consider (1) the reasons for the withdrawal and (2) the impact withdrawal will have on the timing of the proceeding. *United States v. Est. of Wiesner*, No. CV-05-1634 (DRH)(AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, No. CV-05-1634 (DRH)(AKT), 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

---

[2] Fastenal has not appeared at any point in this case.

Courts in this circuit have held that withdrawal is warranted when a "client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014). This may arise because of the client's lack of cooperation, a breakdown in communication, or due to irreconcilable differences between the lawyer and the client. *See, e.g., Est. of Wiesner*, 2017 WL 1450594, at *6; *Naguib v. Pub. Health Sols.*, No. 12-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014); *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01-CIV-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (satisfactory reasons for withdrawal "include failure to pay legal fees, a client's lack of cooperation-including lack of communication[ ]with counsel, and the existence of an irreconcilable conflict between attorney and client") (internal citations and quotation marks omitted); *see also City Merch. Inc. v. Tian Tian Trading Inc.*, No. 1:19-CV-09649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (granting a motion to withdraw where the lawyer claimed "insurmountable" disagreements with defendants over case strategy and "a breakdown in communication between attorney and client . . .")

Further, attorney ethics rules require that "a lawyer shall withdraw from the representation of a client when . . . the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law." N.Y. Rules of Prof'l. Conduct ("N.Y. Rule") 1.16(b)(1) (N.Y. State Bar Ass'n 2021). An attorney also "may withdraw from representing a client when . . . the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent" or "the client has used the lawyer's services to perpetrate a crime or fraud[.]" N.Y. Rules 1.16(c)(2), (c)(3). Where counsel presents sufficient evidence to meet "the grounds for both mandatory and permissive withdrawal" under N.Y. Rule

4

1.16, granting the motion to withdraw is proper. *Steele v. Bell*, No. 11 CIV. 9343 RA, 2012 WL 6641491, at *3 (S.D.N.Y. Dec. 19, 2012).

        2. Analysis

The Court finds satisfactory reasons to allow withdrawal here. Local Rule 1.4. Mr. Pu argues that he is obligated to withdraw as counsel under the rules of professional conduct because the facts of this case "are highly suggestive of a fraud." (Pu Decl., ECF No. 11-1 ¶ 4.) In support of the motion, Mr. Pu attaches an August 10, 2021 email from Mr. Garms, Defendant's general counsel, explaining that the lawsuit was a "check kiting scam on law firms" and warning Mr. Pu not to send any money to the "alleged client." (1st Garms Email, Ex. 1, ECF No. 11-2.) A second email from Garms the same day explains that the scam works by inducing the victim lawyer to wire the alleged client a sum of money, after receiving a realistic but fraudulent check from the client. (2d Garms Email, Ex. 2, ECF No. 11-3.)

Mr. Pu also submitted the Escon Contract and a similar contract between Escon and Atlas Construction Group P.L.C. ("Atlas"), a different corporation. (Escon Contract, Ex. 3, ECF No. 11-4; Atlas Contract, Ex. 4, ECF No. 11-5.) The contracts further bolster the assertion that Mr. Pu has been the victim of a fraudulent scheme. The Escon Contract, dated August 9, 2019, is for the sale of six specific types of plumbing valves, each with a different price, for a total cost of $2,540,891, and requires a 50% down payment. (Escon Contract, Ex. 3, ECF No. 11-4 at 1.) An individual named "Mike Thierry," President/CEO of Escon, executed the Escon Contract purportedly on behalf of Escon. (*Id.* at 3.) The Atlas Contract, also dated August 9, 2019, involves a sale of goods between Fastenal and Atlas for the same total amount of $2,540,891 but executed by a "Harvey Walsh," the purported Director of Operations for Atlas. (Atlas Contract, Ex. 4, ECF No. 11-5.) The remaining terms in the Atlas Contract are identical to the Escon Contract: to wit,

the Atlas Contract lists the same six specific plumbing valves, each costing the same price; requires the same 50% deposit; and mandates any enforcement lawsuit to be brought within two years of the last payment. (*Id.*)

Mr. Pu correctly asserts that "these coincidences are two [*sic*] remarkable to be handiwork of legitimate businessmen or businesswomen." (Pu Decl. ¶ 4.) The similarities between the Escon Contract and the Atlas Contract, the email warning from Mr. Garms, as well as the sudden lack of responsiveness from Mr. Hipler and Escon to Mr. Pu and to the Court, strongly suggest that the present lawsuit is part of a fraudulent scheme.[3] Indeed, at the hearing on the motion, Mr. Pu intimated that he had been a victim of similar schemes in the past. Accordingly, the subject of this lawsuit does not appear to be legitimate.

In sum, Mr. Pu's reasons for withdrawing from the case are clearly acceptable given that the N.Y. Rules both permit and require his withdrawal under these circumstances. N.Y. Rule 1.16(b)(1); *Steele*, 2012 WL 6641491, at *3. Additionally, given the fact that this case does not appear to be legitimate, Mr. Pu's withdrawal will have no effect on the timing of progress of this case. Accordingly, Mr. Pu should be permitted to withdraw as attorney for Plaintiff.

---

[3] Similar fraudulent schemes have been reported—to wit, a purported client emails a prospective lawyer and requests assistance with recouping unpaid fees for the purchase of goods from a "Fastenal Company." *See, e.g.*, "We Are Fighting Two Pandemics: Covid 19 and Stupidity," Attorney Email Scams (Apr. 15, 2020), https://lawyerscam.blogspot.com/2020/04/we-are-fighting-two-pandemics-covid-19.html (blog reflecting at least 25 reader comments between September 2020 and July 2021 describing identical emails sent to attorneys from a purportedly U.K.-based client requesting services to collect payment from "Fastenal Company" for unpaid goods) (last visited Feb. 1, 2022); *see also* Joanna Herzik, "Scams Continue to Target Texas Attorneys," Texas Bar Blog (Sept. 17, 2013), https://blog.texasbar.com/2021/10/articles/law-firms-and-legal-departments/scams-continue-to-target-texas-attorneys/ (updated on June 4, 2021 to describe a similar scheme involving "Fastenal Company") (last visited Feb. 1, 2022).

### B. Failure to Prosecute

Even if this case was legitimate, there are sufficient grounds to dismiss the case for failure to prosecute.

"A court may, in its discretion, dismiss a case under Rule 41(b) '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . .'" *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 492 (E.D.N.Y. 2016) (quoting Fed. R. Civ. P. 41(b)). A dismissal for failure to prosecute under Rule 41(b) may be ordered *sua sponte*. *Mutema v. Fid. Ins. Co.*, No. 14-CV-3391 (DRH)(GRB), 2016 WL 11481191, at *1 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted,* No. 14-CV-3391 (DRH)(GRB), 2016 WL 5660291 (E.D.N.Y. Sept. 30, 2016); *see also Platinum Funding Corp. v. Bosselli Studio Ltd.*, 368 F. App'x 207, 208 (2d Cir. 2010) (district court did not abuse discretion in dismissing complaint for failure to prosecute) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

In determining whether to dismiss a plaintiff's case pursuant to Rule 41(b), the court considers: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "No single factor is generally dispositive." *Id.*

While the Second Circuit instructs that dismissal pursuant to Rule 41(b) "is 'the harshest of sanctions' and is properly 'used only in extreme situations[,]'" *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting *Baptiste*, 768 F.3d at 217), the circumstances of this case clearly weigh in favor of dismissal of this action. As an initial matter,

7

Escon failed to comply with two orders in this case: the August 30, 2021 Order directing Escon to appear at the hearing on Mr. Pu's motion and the October 7, 2021 Order directing Escon to retain new counsel by November 10, 2021 because a corporation may not proceed in federal court *pro se*. (*See* 08/30/2021 and 10/07/2021 Orders); *see also Tankersley v. City of New York*, No. 19-CV-3359 (MKB), 2021 WL 5013620, at *2 (E.D.N.Y. Oct. 26, 2021) (dismissing case for failure to prosecute in part because the plaintiff "repeatedly failed to comply with the magistrate judges' orders to appear at scheduled court conferences")  Second, the October 7, 2021 Order expressly stated that "failure to retain new counsel may result in termination of this action[,]" yet Escon has taken no further action in this case. (10/07/2021 Order); *see Tankersley*, 2021 WL 5013620, at *2 (noting that the plaintiff had been notified several times of the consequences of failure to comply with the court orders).[4]  Third, Fastenal could not be prejudiced by any delay in these proceedings not only because it has not appeared in this case, but also because of the apparently fabricated nature of the present dispute.  Fourth, given the fact that there does not appear to be an actual Plaintiff with a bona fide dispute, the Court is justified in dismissing this action promptly in order to prevent the waste of any further judicial resources.  *See Astudillo v. Island Wide Bldg. Servs. Inc.*, No. 17-CV-6835 (RRM)(SIL), 2021 WL 1193045, at *4 (E.D.N.Y. Mar. 29, 2021) (dismissing case for failure to prosecute in part because the "action appears destined to remain on the docket in perpetuity, consuming judicial resources. . .")  Finally, there appears to be no other sanction available other than dismissal of the action because the apparently fraudulent corporate plaintiff has failed to retain counsel to prosecute its claims.

---

[4] Mr. Pu communicated with Mr. Hipler, Escon's purported representative, via email only.  (Decl. of Service, ECF No. 12 ¶ 3.)  At the hearing, Mr. Pu stated that after he sent Mr. Hipler a copy of the motion to withdraw as counsel on August 19, 2021, Mr. Hipler did not respond to any further emails, including emails advising him of the scheduled hearing on the motion to withdraw and enclosing a copy of the October 7, 20201 Order.

### III. CONCLUSION

For the reasons stated above, the Motion to Withdraw as Attorney is GRANTED and attorney Richard Pu is terminated from the docket. In addition, I respectfully and *sua sponte* RECOMMEND that the case be dismissed for failure to prosecute pursuant to Rule 41(b).

Within 14 days, any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Brooklyn, New York
February 2, 2022

 /s/Marcia M. Henry
 MARCIA M. HENRY
 United States Magistrate Judge